IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:22-CR-417** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **BRANDON L. AUMILLER,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant Brandon L. Aumiller moves the court to dismiss the indictment against him as barred by the statute of limitations. We will deny the motion.

### I. Factual Background & Procedural History

A federal grand jury indicted Aumiller on December 8, 2022, on two counts of tax evasion in violation of 26 U.S.C. § 7201. Count 1 of the indictment alleges Aumiller willfully attempted to evade payment of his personal income taxes related to the years 2007, 2009, 2010, and 2011. Count 2 alleges Aumiller willfully attempted to evade payment of employment taxes owed by his business, Brandon Aumiller & Associates ("BA&A") for the fourth quarter of 2013 and first and second quarters of 2014. The indictment alleges the conduct related to both counts took place roughly between August 2014 and December 12, 2016. Aumiller subsequently filed the instant motion to dismiss. The motion is fully briefed and ripe for disposition.

### II. Legal Standard

A defendant may move to dismiss a criminal indictment at any time before trial. See FED. R. CRIM. P. 12(b)(3). In considering a motion to dismiss, we must accept as true all the factual allegations averred in the indictment. See United

States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011) (citing United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990)). A motion alleging failure to state an offense under Rule 12(b)(3)(B)(v) tests only the government's allegations, not its proof. See United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012), abrogated on other grounds by Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). Accordingly, we must limit our inquiry solely to "the facts alleged within the four corners of the indictment." See United States v. Vitillo, 490 F.3d 314, 320-21 (3d Cir. 2007). We will only dismiss an indicted offense if there is no reasonable construction of the facts alleged that would, if proven, allow a jury to find the defendant committed the charged crime. See Huet, 665 F.3d at 595-96 (citations omitted); Vitillo, 490 F.3d at 324 (citation omitted).

### III. Discussion

The statute of limitations for willfully attempting to evade the payment of taxes is six years. See 26 U.S.C. § 6531(2). Our court of appeals allows for multiple years of tax evasion to be grouped together when they represent a continuous course of conduct. See United States v. Root, 585 F.3d 145, 150-51, 153 (3d Cir. 2009) (citing United States v. Pollen, 978 F.2d 78 (3d Cir. 1992)). Accordingly, the parties agree in the matter *sub judice* that the six-year statute of limitations runs from Aumiller's last affirmative act of evasion charged in the indictment. (See Doc. 31 at 8-9; Doc. 34 at 3). The Supreme Court of the United States defines affirmative acts of evasion as "any conduct, the likely effect of which would be to mislead or to conceal." See Spies v. United States, 317 U.S. 492, 499 (1943); accord United States

v. McGill, 964 F.2d 222, 230 (3d Cir. 1992), as amended (May 19, 1992), as amended (June 24, 1992).

The government bears the ultimate burden of proving at trial Aumiller was indicted within the limitations period. See United States v. Lazo-Rodriguez, 569 F. App'x 103, 105-06 (3d Cir. 2014) (nonprecedential) (citing Smith v. United States, 568 U.S. 106, 113 (2013); United States v. Hankin, 607 F.2d 611, 612 (3d Cir. 1979)). Nevertheless, when a crime took place is typically a question for a jury, see United States v. Oliva, 46 F.3d 320, 324-25 (3d Cir. 1995) (citation omitted), and courts typically only dismiss charges on statute of limitations grounds when the defect is clear on the face of the indictment, see, e.g., United States v. Schueg, No. 1:14-CR-70, 2015 WL 5311435, at *2 (M.D. Pa. Sept. 11, 2015) (citation omitted); United States v. Richards, c, 1103-04 (D.N.J. 1996) (citing United States v. Levine, 658 F.2d 113, 121 (3d Cir. 1981)) (declining to dismiss because "it appears that the indictment alleges a continuing violation" and timeliness determination "cannot be made until the evidence is presented at trial"); see also Levine, 658 F.2d at 121 ("[T]he exact dates of continuing violations, conspiracies, or statutory tolling . . . can often be properly evaluated only after development of the evidence at trial enables an accurate assessment of timeliness."). When the statute of limitations does not obviously bar the charges, courts generally leave resolution of this question of fact until the time of trial. See Schueg, 2015 WL 5311435, at *2; Richards, 925 F. Supp. at 1103-04; United States v. Weigand, No. 5:17-CR-556, 2021 WL 1424728, at *3 (E.D. Pa. Apr. 15, 2021) (quoting Schueg, 2015 WL 5311435, at *2); see also Levine, 658 F.2d at 121.

The indictment alleges Aumiller engaged in three affirmative acts of evasion supporting Counts 1 and 2: (1) concealing assets using a bank account in his son's name, (2) failing to disclose the existence of a bank account to the Internal Revenue Service ("IRS") while the IRS was attempting to collect back taxes from Aumiller and his business, and (3) structuring certain real estate transactions to conceal his ownership of the properties in question. (See Doc. 1). According to the indictment, Aumiller's alleged criminal conduct took place "[f]rom in or around August 2014 through on or about December 12, 2016." (See id.)

Aumiller disputes whether failing to report a bank account on a form submitted to the IRS can constitute an affirmative act of evasion, (see Doc. 34 at 4), and depending on the facts adduced at trial, he may be correct, see McGill, 964 F.2d at 233 (Section 7201 does not create affirmative duty to disclose bank accounts to IRS "unless a taxpayer is in the situation of giving voluntary admissions during an investigation or a forced response to a subpoena")). But other acts upon which the indictment relies—concealing bank accounts and real estate in the name of a family member—are affirmative acts of evasion. See Spies, 317 U.S. at 499 ("[W]e would think affirmative willful attempt may be inferred from conduct such as . . . concealment of assets or covering up sources of income."); McGill, 964 F.2d at 230 ("Affirmative acts of evasion of payment include . . . placing assets in the name of

4

others." (emphasis omitted)).[1] We find the indictment can fairly be read to allege any or all of the averred affirmative acts took place on or after December 8, 2016, as this date falls within or reasonably near the alleged timeframe for Aumiller's criminal conduct.  See Vitillo, 490 F.3d at 324.  Should the government prove this construction of the facts at trial, a jury could find Aumiller guilty of the charges in the indictment.  See Huet, 665 F.3d at 595-96.  The government must prove at trial Aumiller engaged in at least one affirmative act which took place on or after December 8, 2016, but the charges are not barred on their face by the statute of limitations.  Hence, dismissal of the indictment is inappropriate.

---

[1] The government proffers that at least one of Aumiller's allegedly evasive real estate transaction took place in February 2017.  (See Doc. 31 at 6).  Aumiller insists this event, along with another event which purportedly took place in 2017, cannot satisfy the statute of limitations because it took place outside the timeframe alleged in the indictment.  (See Doc. 34 at 4).  This dispute is not within the scope of the present motion because it relates to allegations outside of the indictment.  See Vitillo, 490 F.3d at 320-21.  Nevertheless, we note our court of appeals holds a grand jury's use of purposefully vague language like "on or about" allows the government to support the charged crimes by proving conduct which took place outside of but "reasonably near" the dates alleged in an indictment.  See Real v. Shannon, 600 F.3d 302, 308 (3d Cir. 2010) (citations omitted); see also United States v. Carey, 72 F.4th 521, 529 (3d Cir. 2023) (citing Real, F.3d at 308).  Our court of appeals has found a difference of one month to be sufficiently near, see Real, 600 F.3d at 308, but a gap of five or six months is not, see Carey, 72 F.4th at 529.  At least two other circuits hold gaps as large as four months are constitutionally permissible.  See United States v. Barsanti, 943 F.2d 428, 438 (4th Cir. 1991); United States v. Knowlton, 993 F.3d 354, 359 (5th Cir. 2021) (collecting cases).

5

**IV.      Conclusion**

We will deny Aumiller's motion (Doc. 26) to dismiss the charges against him as barred by the statute of limitations without prejudice to Aumiller's right to raise a statute of limitations defense at trial if pertinent.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     August 16, 2023